IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER JUDGE,

        Plaintiff,                    12cv1784
                                              **ELECTRONICALLY FILED**

        v.

DR. B. JIN, ET AL.

        Defendants.

## **Order of Court**

Currently pending before this Court is Plaintiff's "Letter and Application," wherein he seeks that the case be reopened for the sole purpose of conducting a settlement conference, which he stated he will be unable to attend. Doc. No. 73. Plaintiff seeks that his remaining filing fees be waived, the funds already paid be returned, and that the case be closed.

On July 21, 2014, the Court entered an Order stating as follows:

> In light of Plaintiff's express desire to settle this litigation for a modest amount (see. doc. no. 56) and Plaintiff's severe medical condition (see doc. no. 68), the Court hereby administratively closes said case. Motions filed at doc. no. 56 and 57 are hereby DENIED as moot. Any party may move to re-open this case on or before October 15, 2014, and the case will be reopened and, if applicable, scheduled for trial.

Doc. No. 70. Plaintiff has expressly stated in his current motion that he does not intend to proceed with this litigation because "it will be hard to meet/attend any scheduling dates." Doc. No. 73. The Court has no authority to waive Plaintiff's filing fees, and therefore, the Court hereby DENIES his current motion to reopen the case for the sole purpose of conducting a settlement conference which Plaintiff will not attend, and for which he seeks a waiver of the filing fees. *See Williams v. United States District Court for the District of New Jersey*, 455 F. App'x 142, 144 (3d Cir.

2011) ("We also deny Williams's request to recover his docketing fees. Williams filed a complaint and an application to proceed in forma pauperis; 28 U.S.C. § 1915 makes clear that filing fees shall be assessed, and makes no provision for a refund of such fees."). *Porter v. Dept. of the Treasury*, 564 F.3d 176 (3d Cir. 2009) ("In civil cases, we have the authority to waive the prepayment of filing fees if the appellant is indigent and the PLRA does not apply. Telfair is a prisoner whose appeal is governed by the PLRA. Although a prisoner may obtain IFP status under the PLRA, this does not result in a waiver of the fees - it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account. Thus, even if Telfair obtains IFP status, we have no authority to waive his fees under the PLRA.").

**SO ORDERED** this 3rd day of October, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

ROGER JUDGE
DT-6550
SCI Greene
175 Progress Drive
Waynesburg, PA 15370